CHARLES G. OLSON v. JOHN HANSON.

November 29, 1898.

Nos. 11,381—(111).

Insolvency—Purchase from Assignee Subject to Mortgage of Insolvent—Avoidance of Mortgage by Purchaser.

> One who purchases personal property from an assignee in insolvency proceedings, subject to a mortgage placed on the property by the insolvent prior to the assignment, cannot avoid such mortgage upon the ground that it was fraudulent as to the insolvent's creditors.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Reversed.

*Lewis C. Gjertsen,* for appellant.

Purchasing subject to the mortgage estops the vendee from denying its validity. Johnson v. Thompson, 129 Mass. 398; Freeman v. Auld, 44 N. Y. 50; Alt v. Banholzer, 36 Minn. 57; Moffett v. Parker, 71 Minn. 139; Calkins v. Copley, 29 Minn. 471. See also Tolbert v. Horton, 31 Minn. 518; Stevens v. McMillin, 37 Minn. 509. The assignee having elected to treat the mortgage as a valid lien, it stands good as between the parties to it. Freeland v. Freeland, 102 Mass. 475; Tuite v. Stevens, 98 Mass. 307; Bean v. Brackett, 34 N. H. 102; Taylor v. Taylor, 74 Me. 582. The purchaser at an assignee's sale in insolvency proceedings cannot avoid the mortgage placed upon the property, before the assignment by the insolvent debtor, upon the ground of fraud or want of consideration in the inception of the mortgage. New Prague Milling Co. v. Schreiner, 70 Minn. 125.

74 M.—22

*George R. Robinson,* for respondent.

A purchaser from an assignee of an insolvent may contest a mortgage given by the insolvent and void for want of proper filing. Shay v. Security Bank, 67 Minn. 287.

COLLINS, J.

Action in claim and delivery, tried by the court without a jury, in which, on findings of fact that plaintiff was not the owner of the property at the commencement of the action, and was not entitled to its possession, and that its value was $100, judgment was ordered in defendant's favor. This appeal is from an order denying plaintiff's motion for a new trial.

The plaintiff's claim of title was based upon a chattel mortgage duly executed and acknowledged November 9, 1896, by one Bjelland, then the owner and in possession of the property, and duly filed November 14 of the same year, given to one Forseth to secure the payment of a promissory note of even date therewith for the sum of $150, which note and mortgage had been duly assigned, indorsed and transferred to plaintiff. Bjelland made an assignment for the benefit of his creditors a few days after the mortgage was filed, and defendant's claim of title to the property is wholly based on a purchase from the assignee in insolvency, evidenced by a bill of sale in which the lien of the mortgage is recognized, and the sale made subject thereto. In addition, it was shown upon the trial that the defendant purchaser was informed by the assignee of the existence of the mortgage.

As between the parties to the transaction, the mortgage was valid and binding, no matter how fraudulent it might have been as to the mortgagor's creditors. But these creditors are not seeking to avoid it, and have not complained that the assignee failed in the performance of his duty when he sold subject to the incumbrance. The defendant purchased with actual knowledge of the mortgage, and was given a bill of sale in which the validity of the lien was expressly recognized and affirmed. He purchased subject to the incumbrance, makes no claim that he was defrauded when so purchasing, and he cannot avoid the mortgage, placed upon the property by the insolvent prior to the assignment, on the ground that

it was fraudulent as to the insolvent's creditors. New Prague Milling Co. v. Schreiner, 70 Minn. 125, 72 N. W. 963, and cases cited.

In disregard of our rules, this case was set down for oral argument. For that reason statutory costs are refused to the prevailing party.

Order reversed, and a new trial granted.